UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GORDON AND LINDA ILLING                                                                    PLAINTIFFS

VERSUS                                                              CIVIL ACTION NO. 1:06CV513-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                          DEFENDANT

## ORDER ON DISCOVERY

Before the Court is Rimkus Consulting Group Inc.'s [42] Motion to Quash Subpoena and Motion for Protective Order. Rimkus is not a party to this lawsuit. The subpoena in question was issued on September 29, 2006, and served on Rimkus October 3, 2006. The subpoena requests the production of documents in ten categories. The requested documents relate to the engineering reports prepared by Rimkus and its sub-contractor, S&B Infrastructures, for Defendant State Farm. Plaintiffs seek information about the interaction between Defendant State Farm, Rimkus, and S&B Infrastructures in the preparation of engineering reports used by State Farm to process claims related to Hurricane Katrina. Also before the Court is Plaintiffs' [46] Motion to Compel production of the documents subject to Plaintiffs' September 29, 2006 subpoena.

Rimkus argues that the subpoena should be quashed and/or the documents subject to a protective order. Rimkus argues that the subpoena (1) violates the express agreement among counsel; (2) violates Judge Senter's ruling in *Leonard v. Nationwide Mutual Assurance Co.*, civil action No. 1:05cv475; (3) is a fishing expedition for information with no relevance to the Plaintiffs' lawsuit; (4) places an undue burden on Rimkus; (5) seeks discover of information protected by attorney-client and work product privilege; and (6) seeks discovery of confidential

information.

The Court has reviewed the document requests delineated in the subpoena, as well as the objections, arguments, and exhibits filed on behalf of Rimkus and the Plaintiffs. As will be outlined below, the Court finds that the [42] Motion to Quash and for Protective Order should be granted in part and denied in part. Likewise, Plaintiffs' [46] Motion to Compel should be granted in part and denied in part consistent with the findings laid out in this Order. The Court will examine each subpoena request individually, taking into account Rimkus' objections and the arguments of the parties.

**Request no. 1: All training materials supplied to or provided to Tina Brown by Rimkus, directly or indirectly, for work Tina Brown did on behalf of Rimkus in Mississippi following Hurricane Katrina.**

The Court finds that these documents are relevant and discoverable. The materials relate to the issue of how Tina Brown, the engineer who did the initial investigation of Plaintiffs' property, reached her conclusions regarding the amount of wind versus water damage to the Plaintiffs' property. Accordingly, Defendant is compelled to produce the training materials provided to Tina Brown. However, production of these documents should be pursuant to a protective order that limits use of the information to this litigation or any other suits filed by Plaintiffs' counsel of record against State Farm Fire & Casualty Company.

**Request no. 2: Rimkus dispatch records or documents for assignment of work on loss of Gordon and Linda Illing to Tina Brown.**

The Court finds these documents are relevant, discoverable, and should be produced by Rimkus.

**Request no. 3: All draft engineering reports, preliminary engineering reports, initial engineering reports or field engineering notes or photographs generated by any Rimkus employee, including Tina Brown, with respect to or concerning in any way the loss of Gordon and Linda Illing.**

These documents should be produced. The Illings are entitled to any relevant, non-privileged documents, specifically engineering reports, prepared by Rimkus with respect to the Illings' property.

**Request no. 4: All e-mails between S&B Infrastructure, Ltd. and Rimkus from August 22, 2005 to October 15, 2005.**

This request is overly broad and encompasses information that is irrelevant, confidential, and/or subject to privilege. The Court finds that the production of e-mails should be limited to any non-privileged e-mail correspondence regarding the Plaintiffs' claim.

**Request no. 5: All contracts by and between S&B Infrastructure, Ltd. And Rimkus concerning Hurricane Katrina loss inspections in Mississippi.**

The Court finds that the contracts should be produced, however, subject to a protective order that limits use of the information to this litigation or any other suits filed by Plaintiffs' counsel of record against State Farm Fire & Casualty Company

**Request no. 6: Documents reflecting all payments made by Rimkus to S&B Infrastructure, Ltd., for Hurricane Katrina work in Mississippi.**

This request is overly broad and has little or no bearing on the Plaintiffs' lawsuit. However, Plaintiffs are entitled to billing information with respect to work performed on the Plaintiffs' property. Production of these documents should be pursuant to a protective order that limits use of the information to this litigation or any other suits filed by Plaintiffs' counsel of record against State Farm Fire & Casualty Company.

**Request no. 7: Contracts which Rimkus entered into with State Farm Fire and Casualty Insurance Company concerning Hurricane Katrina work in Mississippi.**

Rimkus is not required to produce this information. The requested information enters into the area of protected client confidences between Rimkus and its client State Farm. *See* 22 Tex. Admin. Code § 137.61. Moreover, Plaintiffs may request this information directly from State Farm, who unlike Rimkus, is a party to the present lawsuit.

**Request no. 8: E-mails by and between Rimkus and State Farm from August 22, 2005 until October 15, 2005.**

This request is overly broad; however, Plaintiffs are entitled to any non-privileged communications between Rimkus and State Farm that relate specifically to Plaintiffs' claim.

**Request no. 9: All correspondence or e-mails involving Rimkus concerning, or in any way**

**pertaining to, the loss of Gordon and Linda Illing.**

As with Request no. 8, Plaintiffs are entitled to any non-privileged communications generated by Rimkus that pertain to Plaintiffs' claim.

**Request no. 10: Documents reflecting all payments made by State Farm Fire and Casualty Insurance Company to Rimkus and S&B Infrastructure, Ltd., for Hurricane Katrina work in Mississippi.**

This request is overly broad and touches on areas of client confidences between Rimkus and State Farm.  Moreover, Plaintiffs may request this information directly from State Farm, who unlike Rimkus, is a party to this lawsuit.

IT IS THEREFORE ORDERED AND ADJUDGED that Rimkus' [42] Motion to Quash and for Protective Order is GRANTED IN PART AND DENIED IN PART subject to the limitations outlined in this Order.

IT IS FURTHER ORDERED that Plaintiffs' [46] Motion to Compel is GRANTED IN PART AND DENIED IN PART subject to the limitations outlined in this Order.

SO ORDERED, this the 9th day of February, 2007.

s/ *Robert H. Walker*<br>UNITED STATES MAGISTRATE JUDGE